UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ITASCA IMAGES, LLC,<br>a Minnesota limited liability company, and<br><br>TONY WEBSTER,<br>a Minnesota resident,<br><br>        Plaintiffs,<br><br>  v.<br><br>SHUTTERSTOCK, INC.,<br>a Delaware corporation,<br><br>DOES 1-500,<br><br>        Defendants. | Case No. 21-cv-287 (JRT/DTS)<br><br>**ANSWER OF DEFENDANT<br>SHUTTERSTOCK, INC.** |

Defendant Shutterstock, Inc. ("Defendant" or "Shutterstock") submits the following Answer to the Complaint ("Complaint") of Itasca Images, LLC and Tony Webster (together, "Plaintiffs"), which fails to comply with Fed. R. Civ. P. 8(a). Notwithstanding the foregoing, with respect to the allegations set forth in the Complaint:

## **GENERAL DENIAL**

Pursuant to Fed. R. Civ. P. 8(b)(3), any allegations in Plaintiffs' Complaint that are not specifically admitted below are hereby denied.

1

# **INTRODUCTION**[1]

1. Paragraph 1 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to assert claims for copyright infringement notwithstanding the safe harbor set forth in Section 512 of the Copyright Act, and denies that Plaintiffs' claims have merit. Defendant denies that Defendant bears any responsibility for any infringement of any of the photographs that may have occurred, including but not limited to the allegedly uploaded 112 images, uploaded by a third party to Defendant's website and automatically displayed in thumbnail fashion or otherwise, or relating to the six individual photographs that any Shutterstock customer ever used (for a total of seven uses) from the claimed uploaded set. Defendant otherwise denies the remaining allegations in Paragraph 1.

2. Defendant admits that it is a trusted global provider of photography, footage, music, vectors, illustrations, and editing tools, including creative assets supplied by third parties, helping creators reach new audiences and monetize their creative expression via licensing to a broad audience of licensees. Defendant denies any responsibility for any infringement of Plaintiffs' photographs that may have occurred on its platform through third-party violation of Defendant's terms of service and the subsequent failure by Plaintiffs to use proper channels to provide notice thereof.

---

[1] All headings included herein are as stated in the Complaint and are incorporated for reference purposes only. To the extent these headings constitute allegations that require a response, Defendant expressly denies any allegations set forth in such headings.

Defendant further denies the truth of various disparaging, purportedly frustrated statements made regarding Defendant.  Defendant further denies that its executive chairman Jon Oringer made the statement alleged in Paragraph 2 and refers to the referenced Investor Report for an accurate statement of its contents.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis denies such allegations.

3. Defendant admits that Plaintiffs purport to believe that they can change the law and/or well-established and legal business models through this lawsuit but denies that their belief has any merit and further denies that the suit has any merit.  Defendant denies knowledge or information sufficient to form a belief regarding the unidentified "forum" and uncited quotes referenced in Paragraph 3 and therefore denies them.  Defendant denies the remaining allegations in Paragraph 3.

4. Defendant denies that there was any copyright notice or other copyright management information ("CMI") present in the uploaded photographs that identified either Tony Webster or Itasca Images, LLC as the owner.  Defendant admits that unlike Plaintiffs, which display well over 10,000 of their photographs without watermarks on platforms such as Flickr, Defendant—like all legitimate stock photography businesses—automatically watermarks the thumbnails of images made available on its platform for the purpose of tracking and reduction of infringement.  Defendant denies that it used "plaster" to watermark the thumbnails of the images submitted for potential license.

3

Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and on that basis denies such allegations.

5. Defendant denies the allegations contained in Paragraph 5, denies any responsibility for any infringement that may have occurred, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and on that basis denies such allegations.

6. Defendant denies any responsibility for any infringement that may have occurred. Defendant admits that Plaintiffs sent letters to Defendant in March 2020, September 2020, and January 2021, but avers that because the March 2020 letters were sent to the wrong address for copyright notice, Defendant did not receive such letters, and Defendant further denies it received all the copies of the letters sent to Defendant's registered agent for service of process and elsewhere other than to the proper address for notices of copyright claims. Defendant denies the remaining allegations of Paragraph 6.

## PARTIES

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and on that basis denies them.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and on that basis denies them.

9. Defendant admits the allegations of Paragraph 9.

10. Paragraph 10 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that it is

responsible for any infringement, to the extent any infringement occurred, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and on that basis denies such allegations.

## JURISDICTION AND VENUE

11.     Paragraph 11 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant does not contest that this action purports to arise under the Copyright Act but denies that Plaintiffs are entitled to recover thereunder.

12.     Paragraph 12 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant does not contest that this Court has subject matter jurisdiction over the copyright infringement claim set forth in the complaint, expressly denies that any infringement occurred, and expressly denies that Title 27 of the U.S. Code gives jurisdiction over this action.

13.     Paragraph 13 consists of legal conclusions as to which no response is required.  Moreover, Paragraph 13 contains such numerous allegations as to violate Fed. R. Civ. P. 8(d)(1).  To the extent a response is required, Defendant does not contest that it has registered with the Minnesota Secretary of State and that it has three software engineers and two independent contractors who reside in Minnesota.  Defendant expressly denies any prior knowledge of Plaintiffs' residency or of Plaintiffs themselves until Defendant received Plaintiffs' initial demand, denies that Defendant targets Minnesota, denies that its server is in Minnesota and otherwise denies knowledge or

5

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and on that basis denies such allegations.

## FACTS

14. Pursuant to Fed. R. Civ. P. 8(b)(3) and 8(b)(5), Defendant generally denies the allegations stated in Paragraphs 14 through 485, denies any responsibility for any infringement that may have occurred, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in these Paragraphs, and on that basis, and/or on the bases that the allegations call for legal conclusions or expert opinion, mischaracterize documents attached to the Complaint, or are expressly false, Defendant denies such allegations except as expressly admitted above.  Defendant admits only the following portions of the referenced paragraphs and denies the remainder: consumers may access or license images from Defendant (Paragraph 47); Defendant is a leading global provider of high-quality images, videos, music, and other content (Paragraph 48); Defendant owns and generally controls the website located at the URL www.shutterstock.com (Paragraph 49); Defendant owns the domain name Shutterstock.com (Paragraph 50); Defendant makes content available to consumers via license (Paragraph 57); like all entities in the image licensing business, thumbnails of images are available for consumers to browse in order for the consumer to get an idea of what they would be licensing (Paragraph 66); Defendant has hired photographers to create images for license (Paragraph 69); Defendant offers an option for photographers to license their images through Defendant's platform (Paragraph 70); Defendant's reviewers

review images for technical issues, intellectual property issues contained within the image itself (i.e., subjects of the images, not the origin or ownership of the images), and metadata to meet Defendant's standards (Paragraph 75), but Defendant disclaims accuracy of the metadata in its licenses, since metadata is *user*-submitted and *user*-controlled; Defendant sometimes rejects uploads (Paragraph 78); Defendant sometimes approves uploads (Paragraph 79); Defendant's website states the quoted text in Paragraphs 80, 81, and 83 but refers to the website for a complete and accurate statement of its contents; like any website operator, Defendant can decide to make an image available on its website and has the ability to remove images from license availability (Paragraph 86); images are available for search, display, sale, license, and download (Paragraph 91); purchasers of images from Defendant obtain a license to use the image and may download a copy of such image via the platform (Paragraph 92); Defendant indemnifies purchasers of its "Standard Image License" but avers that Defendant relies on the representations and warranties of its contributors that the contributors own all copyright rights in the image or other asset and otherwise refers to the terms of the cited document for a complete and accurate statement of its contents (Paragraph 95); Defendant offered the images under its "Enhanced License," which provides a $250,000 indemnification cap (Paragraph 96); Defendant reviews Contributors' submissions only for technical issues, IP issues contained within the image itself (such as images of works protected by copyright law (e.g., murals, sculptures)), and specific metadata (e.g., offensive terms, brand terms) (Paragraph 109); Defendant has different pricing options

for purchasing images (Paragraph 112); Defendant offers subscription-based plans (Paragraph 114); as with all similar sites, customers can preview photographs available on the Shutterstock platform prior to purchase (Paragraph 248); TinEye is a Shutterstock affiliate (not a customer)[2] (Paragraph 281); TinEye has access to Defendant's API to run its reverse image technology on Defendant's platform (Paragraph 282); Defendant, like any other general user, has access to TinEye's reverse image search service in the same manner and format as any other general user (including, for example, Plaintiffs), but avers that 17 U.S.C. § 512(m) does not require Defendant, as a service provider, to monitor its service or affirmatively seek facts indicating infringing activity (Paragraph 285); Defendant makes an API available (Paragraph 287); Defendant has certain business relationships with Facebook (Paragraph 303), Wix (Paragraph 316), PuzzlePix (Paragraph 322), and ZCool (Paragraph 327); Defendant admits Paragraph 356 only to the extent that it has developed a plugin for Adobe Photoshop; Defendant's mailing address is Shutterstock, Inc., Empire State Building, 350 Fifth Avenue, 21st Floor, New York, NY 10118 (Paragraph 364); Defendant admits the allegations contained in Paragraphs 365, 366, 367, and 368; Defendant has received mail addressed to Shutterstock, Inc., Empire State Building, 350 Fifth Avenue, 21st Floor, New York, NY 10118 in the past, but it does not have sufficient information to admit or deny allegations regarding mail sent directly prior to the stay-at-home orders in March 2020, as

---

[2] *See* https://www.shutterstock.com/explore/affiliates.

Defendant's office has not received mail in a regular manner at this address since March 14, 2020 (Paragraphs 369 and 370); Corporation Service Company is Defendant's general registered agent (Paragraph 376); Defendant received a non-DMCA notice via email on September 17, 2020 and promptly confirmed receipt of the correspondence and removal of the images with Tony Webster on September 21, 2020, despite the improper notification (Paragraph 411); Defendant changed its DMCA Designated Agent registration in or around October 2020 as requested by the Copyright Office for renewal purposes (Paragraph 458); and Defendant received communications on or about September 14, 2020 and January 21, 2021, in response to which Defendant, as a service provider, promptly took steps pursuant to the Digital Millennium Copyright Act ("DMCA") to, *inter alia*, remove the photographs from search, license, and general access (Paragraphs 405 and 460).

15.     Without limitation of the denials set forth above, Defendant expressly denies that it has any control over, or ability to supervise, those who submit photographs to the website for license.  Defendant avers that it requires the uploader to certify copyright ownership before submitting such images, and that Defendant follows all protocols under the DMCA, which provides a safe harbor for the activities alleged in the Complaint, including removal consistent with and as defined by copyright law, and maintaining a repeat infringer policy that far exceeds the DMCA minimum requirements, including mechanisms that are designed to block infringing users from signing up for the

platform in the future. To the extent that any allegations in the Complaint conflict with the foregoing sentence, Defendant expressly denies them.

## CAUSES OF ACTION

### COUNT I

### Copyright Infringement (17 U.S.C. § 501)

16. Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 485 of the Complaint, as if fully set forth herein.

17. Pursuant to Fed. R. Civ. P. 8(b)(3) and 8(b)(5), Defendant generally denies the allegations stated in Paragraphs 487 through 492, denies that any infringement occurred, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in these Paragraphs, and on that basis denies such allegations.

### COUNT II

### False Copyright Management Information (17 U.S.C. § 1202(a))

18. Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 492 of the Complaint, as if fully set forth herein.

19. Pursuant to Fed. R. Civ. P. 8(b)(3) and 8(b)(5), Defendant generally denies the allegations stated in Paragraphs 494 through 496, denies that any infringement occurred, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in these Paragraphs, and on that basis denies such allegations.

## COUNT III

**Removal or Alteration of Copyright Management Information (17 U.S.C. § 1202(b))**

20. Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 496 of the Complaint, as if fully set forth herein.

21. Pursuant to Fed. R. Civ. P. 8(b)(3) and 8(b)(5), Defendant generally denies the allegations stated in Paragraphs 498 through 503, denies that any infringement occurred, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in these Paragraphs, and on that basis denies such allegations.

## COUNT IV

**Contributory and Vicarious Copyright Infringement**

22. Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 503 of the Complaint, as if fully set forth herein.

23. Pursuant to Fed. R. Civ. P. 8(b)(3) and 8(b)(5), Defendant generally denies the allegations stated in Paragraphs 505 through 507, denies any responsibility for any infringement that may have occurred, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in these Paragraphs, and on that basis denies such allegations.

## **JURY TRIAL DEMANDED**

Defendant respectfully reserves the right to object to jury trial on issues for which there is no right to trial by jury, including by way of motion pursuant to without limitation Rules 38 and 39 of the Federal Rules of Civil Procedure and the Seventh Amendment of the U.S. Constitution and/or any comparable state constitution(s).

## DEMAND FOR RELIEF

Defendant denies that Plaintiffs are entitled to the relief requested in their Complaint or to any other relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving or excusing the burden of proof of Plaintiffs, or admitting that Defendant has any burden of proof, Defendant asserts the following affirmative and other defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State A Claim)

1. The Complaint and each claim therein fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

2. The Complaint and each claim therein fails because this Court lacks personal jurisdiction over Defendant.

## THIRD AFFIRMATIVE DEFENSE
### (Improper Venue)

3. Plaintiffs' claims against Defendant are barred, in whole or in part, because the Complaint was filed in the improper venue pursuant to 28 U.S.C. § 1391.

### FOURTH AFFIRMATIVE DEFENSE
### (Bad Faith/Unclean Hands)

4. The Complaint and each claim therein is barred, precluded, and/or limited by reason of Plaintiffs' bad faith or unclean hands, including but not limited to by reason of (i) Plaintiffs' unreasonable delay in their efforts to enforce their rights, if any, despite their actual or constructive awareness of Defendant's challenged actions; and (ii) the failure of Plaintiffs' agent to transmit proper DMCA takedown notices.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

5. Plaintiff Itasca Images, LLC's claims against Defendant are barred, in whole or in part, by its lack of standing, including to the extent that (i) its claims are based on the alleged infringement of works for which Itasca Images, LLC does not (and did not) own the exclusive right allegedly infringed at the time of infringement; and (ii) the alleged assignment of rights from Plaintiff Tony Webster is invalid; and/or Plaintiff Tony Webster's claims against Defendant are barred, in whole or in part, by his lack of standing resulting from his alleged transfer of all rights to sue over the alleged works.

### SIXTH AFFIRMATIVE DEFENSE
### (Acquiescence/License)

6. Plaintiffs' claims are barred, in whole or in part, by the doctrine of acquiescence and/or license by virtue of Plaintiffs' authorizing viewers of his

photographs to upload them on Defendant's website and failing to timely use the proper methods of notice provided by law.

### SEVENTH AFFIRMATIVE DEFENSE
### (Acts/Omissions of Others)

7. Plaintiffs' alleged damages, if any, are due solely to acts and omissions that are not those of, and are independent from, Defendant. Any recovery must be set off or reduced, abated or apportioned to the extent that any other party's actions caused or contributed to any damages suffered by Plaintiffs relative to this matter.

### EIGHTH AFFIRMATIVE DEFENSE
### (Invalid/Inaccurate/False Copyright Registration)

8. Plaintiffs' claims are barred to the extent they are based on the alleged infringement of works for which: (i) valid and enforceable copyright registration certificates do not exist; (ii) the relevant certificates contain materially false and/or inaccurate information relating to the nature, ownership or chain of title to the works; and/or (iii) statutory damages are limited to one award per registration.

### NINTH AFFIRMATIVE DEFENSE
### (Untimely Copyright Registration)

9. Plaintiffs' claims for statutory damages are barred, in whole or in part, by 17 U.S.C. § 412.

### TENTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

10. Plaintiffs' alleged statutory damages, if any, for copyright infringement are limited by Defendant's innocent intent.

14

## ELEVENTH AFFIRMATIVE DEFENSE
(Lack of Knowledge or Willfulness as to Plaintiffs' 17 U.S.C. § 1202 Claims)

11.  Without admitting that Defendant added, altered, or removed any CMI in the first place, Defendant has not acted knowingly or willfully, or with any intent to induce, enable, facilitate, or conceal any alleged infringement as required by 17 U.S.C. § 1202(a) and (b).

## TWELFTH AFFIRMATIVE DEFENSE
(Lack of Knowledge or Willfulness as to Plaintiffs' Contributory Infringement Claim)

12.  Without admitting that Defendant has infringed any copyright that Plaintiffs may own, Defendant did not have knowledge of any allegedly infringing activity sufficient to state a claim for contributory liability. Moreover, Defendant did not knowingly induce, cause, or materially contribute to any allegedly infringing conduct, as required by law.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

13.  Plaintiffs have failed to make reasonable efforts both to protect their works from piracy by third parties, and to mitigate the damages alleged including but not limited to by reason of Plaintiffs' unreasonable delay in their efforts to enforce their rights, if any, despite their actual or constructive awareness of Defendant's challenged actions.  Accordingly, the relief, if any, to which Plaintiffs allegedly are entitled must be diminished by the extent of their failure to mitigate.

## FOURTEENTH AFFIRMATIVE DEFENSE
(Unjust Enrichment)

14. The imposition of any liability against Defendant would unjustly enrich Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE
(Defective Notice Under 17 U.S.C. § 512(c))

15. Plaintiffs' claims are barred on the grounds that the purported DMCA takedown notices sent by Plaintiffs' agent did not comply with the notice procedures set forth in 17 U.S.C. § 512(c), including because the purported notices failed to identify the copyrighted works that allegedly were infringed, and failed to identify the URL that contained the works that allegedly were infringed. Alternatively, even if the purported notices were compliant with the DMCA, Defendant is protected by the DMCA safe harbor.

## SIXTEENTH AFFIRMATIVE DEFENSE
(DMCA § 512 Safe Harbor)

16. Defendant is protected from contributory or vicarious liability by the provisions of the DMCA safe harbor, 17 U.S.C. § 512, for service providers because it (a) took commercially reasonable steps to remove public access to the accused images upon receipt of notice of specific violations; and (b) disabled the accounts associated with Plaintiffs' claims upon receipt of notice of such claims. Moreover, 17 U.S.C. § 512(m) provides that the DMCA safe harbor is not conditioned on express monitoring of its service or engaging in removal that is prohibited by law.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Partnership with Alleged Direct Infringers)

17.     Defendant operates a general platform designed to facilitate non-infringing uses by legitimate creators who wish to make their works available for third-party use. Accordingly, Defendant did not have the right and ability to supervise or control any allegedly infringing conduct, nor did it have a direct financial interest in the allegedly infringing activity.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant reserves the right to assert additional defenses which become apparent through discovery or otherwise.

## **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant requests relief on Plaintiffs' Complaint as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice, judgment entered in favor of Defendant, and Plaintiffs take nothing by the Complaint;

2. That Defendant be awarded full costs incurred herein;

3. That Defendant be awarded its reasonable attorneys' fees;

4. That this Court award such other and further relief as it deems just and equitable.

Dated: New York, New York
March 26, 2021

Respectfully submitted,

By: /s/ Eleanor M. Lackman

Eleanor M. Lackman (*pro hac vice*)
NY Attorney License No.: 4219598
Mitchell, Silberberg & Knupp LLP
437 Madison Avenue, 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239
Email: eml@msk.com

Dean Eyler
MN Attorney License No.: 267491
Lathrop GPM LLP
500 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 632-3016
Email: dean.eyler@lathropgpm.com

*Attorneys for Defendant
Shutterstock, Inc.*

13011183.4