UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ITASCA IMAGES, LLC,
a Minnesota limited liability company, and

TONY WEBSTER,
a Minnesota resident,

Plaintiffs,

v.

SHUTTERSTOCK, INC.,
a Delaware corporation,

RTB HOUSE, INC.,
a Delaware corporation,

RTB HOUSE S.A.,
a Poland joint-stock company,

CIVICPLUS, LLC,
a Kansas limited liability company,

ARCHETYPE INNOVATIONS, LLC,
a Minnesota limited liability company,

CRAZY HOUSE MEDIA, LLC,
a Minnesota limited liability company, and

DOES 1–500,
Defendants.

Case No. 21-cv-287 (JRT/DTS)

**ANSWER OF DEFENDANT
SHUTTERSTOCK, INC. TO
AMENDED COMPLAINT**

1

13704811.1

Defendant Shutterstock, Inc. ("Defendant" or "Shutterstock") submits the following Amended Answer to the Amended Complaint ("Complaint") of Itasca Images, LLC and Tony Webster (together, "Plaintiffs"), which fails to comply with Fed. R. Civ. P. 8(a). Notwithstanding the foregoing, with respect to the allegations set forth in the Complaint:

## **GENERAL DENIAL**

Pursuant to Fed. R. Civ. P. 8(b)(3), any allegations in Plaintiffs' Complaint that are not specifically admitted below are hereby denied.

## **INTRODUCTION**[1]

1.      Paragraph 1 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant admits that it is a trusted global provider of photography, footage, music, vectors, illustrations, and editing tools, including creative assets supplied by third parties, helping creators reach new audiences and monetize their creative expression via licensing to a broad audience of licensees. Defendant also admits that Plaintiffs purport to assert claims for copyright infringement notwithstanding the safe harbor set forth in Section 512 of the Copyright Act, and denies that Plaintiffs' claims have merit. Defendant denies that Defendant bears any responsibility for any infringement of any of the photographs that may have occurred,

---

[1] All headings included herein are as stated in the Complaint and are incorporated for reference purposes only. To the extent these headings constitute allegations that require a response, Defendant expressly denies any allegations set forth in such headings.

13704811.1

including but not limited to the allegedly uploaded 113 images, uploaded by third parties to Defendant's website and automatically displayed in thumbnail fashion or otherwise, or relating to the six individual photographs that any Shutterstock customer ever used (for a total of seven uses) from the claimed uploaded set. Defendant otherwise denies the remaining allegations in Paragraph 1.

2.     Defendant denies any responsibility for any infringement of Plaintiffs' photographs that may have occurred on its platform through third-party violations of Defendant's terms of service and the subsequent failure by Plaintiffs to use proper channels to provide notice thereof.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis denies such allegations.

3.     Defendant admits that the allegedly infringed images were uploaded to its website by third parties and were thus available for licensing.  Defendant denies the remaining allegations in Paragraph 3.

4.     Defendant admits that Plaintiff sent a letter to Shutterstock in March 2020. The letter speaks for itself.  Defendant denies the remaining allegations of Paragraph 4.

5.     Defendant admits that Plaintiff sent a letter to Shutterstock in September 2020.  The letter speaks for itself.  Defendant also admits that a Shutterstock employee responded to inform Plaintiffs of the requirements of the DMCA.  The response speaks for itself.  Defendant denies the remaining allegations of Paragraph 5.

13704811.1

6.      Defendant admits that Plaintiff sent a letter to Shutterstock in December 2020.  The letter speaks for itself.  Defendants also admit that Plaintiffs sued Shutterstock in February 2021.  Defendant denies the remaining allegations of Paragraph 6.

7.      Paragraph 7 contains baseless, vitriolic slander.  Defendant denies lying to the Court and denies the mischaracterized statements made based on knowledge and belief at the time of any statement, including to the extent such statements were qualified by ongoing investigation.  Defendant admits that it appears from subpoenaed records from a third party that Shutterstock employees, including Shutterstock's DMCA designated agent at the time, accessed the March 2020 letter and refers to the documents for a representation of their contents.  Defendant also admits that Shutterstock employees viewed the letter in whole or in part after this lawsuit was filed.  Defendant denies that the letter was compliant with the DMCA and denies the remaining allegations of Paragraph 7.

8.      Defendant admits that it is asserting the protections of the DMCA and the fair use defense in this lawsuit; that Defendant informed Plaintiff of this in communications; and that it appears that relevant images were uploaded by users who had represented that they were located in Russia and Bangladesh.  Defendant also admits that its business includes licensing images, and that Shutterstock terminated the account of one of the uploaders in 2019 before Plaintiff ever contacted Shutterstock.  Defendant again denies the meritless accusations of lying and also denies that its business model strips Defendant of DMCA protection.  Defendant had no "red flag knowledge" or actual

4

knowledge of infringement, and Paragraph 8 also contains legal conclusions to which no response is required, and Defendant on that basis denies the allegations.

9.      Defendant denies the allegations contained in Paragraph 9.

10.     Paragraph 10 is grammatically incorrect and Defendant cannot properly respond as a result.  Defendant thus denies the allegations of Paragraph 10.

## **PARTIES**

11.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and on that basis denies them.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and on that basis denies them.

13.     Defendant admits the allegations of Paragraph 13.

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and on that basis denies them.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and on that basis denies them.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis denies them.

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis denies them.

13704811.1

18.     Defendant denies engaging in unlawful conduct or in any "infringement scheme" and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 and on that basis denies them.

## JURISDICTION AND VENUE

19.     Paragraph 19 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant does not contest that this action purports to arise under the Copyright Act but denies that Plaintiffs are entitled to recover thereunder.

20.     Paragraph 20 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant does not contest that this Court has subject matter jurisdiction over the copyright infringement claim set forth in the complaint, expressly denies that any infringement occurred, and expressly denies that Title 27 of the U.S. Code gives jurisdiction over this action.

21.     Paragraph 21 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant does not contest that it has registered with the Minnesota Secretary of State and that it has customers in Minnesota. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and on that basis denies such allegations.

## FACTS

22.     Pursuant to Fed. R. Civ. P. 8(b)(3) and 8(b)(5), Defendant generally denies the allegations stated in Paragraphs 23 through 295, denies any responsibility for any

13704811.1

infringement that may have occurred, and otherwise denies knowledge or information

sufficient to form a belief as to the truth of the allegations in these Paragraphs, and on

that basis, and/or on the bases that the allegations call for legal conclusions or expert

opinion, mischaracterize documents attached to the Complaint, or are expressly false,

Defendant denies such allegations except as expressly admitted above.  Defendant admits

only the following portions of the referenced paragraphs and denies the remainder:

Plaintiff claims that 113 of his images were infringed (Paragraph 23); Defendant owns

and generally controls the website located at the URL www.shutterstock.com as well as

its domain name (Paragraph 29); consumers may access or license images from

Defendant (Paragraphs 31-35, 48); JPEG is a common file type for images (Paragraph

59); Defendant's "Standard Image License" speaks for itself (Paragraphs 74, 76); prior to

February 2, 2021, at least one file uploaded by a Contributor contained Webster's

copyright notice (Paragraph 93); Shutterstock's automated system adds a watermark and

copyright notice to images (Paragraphs 99-100); per Defendant's terms of use,

Shutterstock Editor is a general-purpose image editing program that can be used by

uploaders or licensees to modify images, and any of Shutterstock's website statements

concerning Shutterstock Editor speak for themselves (Paragraphs 107-109); Shutterstock

has offered licenses allowing images to be printed (Paragraph 113); Defendant has certain

business relationships with Facebook (Paragraph 131), Wix (Paragraph 136), PuzzlePix

(a reseller in Hungary) and Avopix (an affiliate) (Paragraph 128), TinEye (a Shutterstock

affiliate, as that term is understood in the context of online referral traffic) (Paragraphs

13704811.1

140, 150), and ZCool (Paragraph 120), all of whom use the Shutterstock API to display and/or license images, though no licenses to the Photographs were granted through any affiliate or API partner; the image shown at Paragraph 146 appears to include a thumbnail of an image captured on November 16, 2020, prior to Plaintiffs' notice to Defendant; TinEye has access to Defendant's API to run its reverse image technology on Defendant's platform (Paragraph 151); Defendant, like any other general user, has access to TinEye's reverse image search service in the same manner and format as any other general user (including, for example, Plaintiffs), but avers that 17 U.S.C. § 512(m) does not require Defendant, as a service provider, to monitor its service or affirmatively seek facts indicating infringing activity (Paragraph 152); Defendant makes an API available for third parties to incorporate for the purpose of empowering creators of imagery to expand their reach (Paragraph 154); Defendant offers subscription-based plans (Paragraph 155); Shutterstock's terms of service speak for themselves (Paragraphs 161-163); Shutterstock's system assigns images Asset Detail Pages and Asset ID numbers (Paragraph 182); Shutterstock sent an email to Ryan Cunningham, which speaks for itself (Paragraphs 229-230); Shutterstock terminated image contributors (Paragraphs 242-247); Shutterstock received a letter dated March 2, 2020, which speaks for itself, but Shutterstock's office has been closed since March 2020 due to the pandemic and physical mail is less accessible to Shutterstock employees than prior to the shut-down (Paragraphs 249-250, 257, 262); Ms. Patel, who worked as an attorney at Shutterstock, was named Shutterstock's designated agent on a form filed with the Copyright Office from

8

13704811.1

December 2017 to October 2020 (Paragraph 253-254), and it appears from the records that she received the March 2020 letter (Paragraphs 257, 264); Ms. Garfield was a corporate officer and an attorney who worked for Shutterstock, and it appears she accessed the March 2020 letter (Paragraphs 255, 263); Shutterstock in good faith previously stated based on the knowledge and information readily accessible to it at the time, that the March 2020 letter was not received (Paragraph 259); records produced by Corporation Service Company speak for themselves (Paragraph 261); Shutterstock received a letter dated September 14, 2020, which speaks for itself (Paragraph 266); Defendant's employee, using a pseudonym as a standard practice, responded to the letter and asserted the protection of the DMCA (Paragraph 268); Shutterstock changed its designated agent in October 2020 (Paragraph 271); Defendant received a letter dated December 21, 2020, which speaks for itself (Paragraphs 273-274); Shutterstock believes a user from Bangladesh uploaded what the complaint refers to as "the Capitol Photo" (Paragraph 276); Shutterstock received a letter dated May 2021, which speaks for itself, and in response Shutterstock asserted DMCA protection (Paragraphs 277-278); Shutterstock claims the protections of the DMCA in other circumstances as well (Paragraphs 280-281); Defendant's reviewers review images for technical issues, intellectual property issues contained within the image itself (i.e., subjects of the images, not the origin or ownership of the images), and metadata (which is entered by Contributors in the relevant fields upon upload) to meet Defendant's standards, but Defendant disclaims accuracy of the metadata in its licenses, since metadata is *user-*

9

submitted and *user*-controlled, and while Defendant sometimes rejects uploads and

Defendant sometimes approves uploads, like any website operator, Defendant can decide

to make an image available on its website and has the ability to remove images from

license availability (Paragraphs 285-292).

23.     Without limitation of the denials set forth above, Defendant expressly

denies that it has any control over, or ability to supervise, those who submit photographs

to the website for license.  Defendant avers that it requires the uploader to certify

copyright ownership before submitting such images, and that Defendant follows all

protocols under the DMCA, which provides a safe harbor for the activities alleged in the

Complaint, including removal consistent with and as defined by copyright law, and

maintaining a repeat infringer policy that far exceeds the DMCA minimum requirements,

including mechanisms that are designed to block infringing users from signing up for the

platform in the future.  To the extent that any allegations in the Complaint conflict with

the foregoing sentence, Defendant expressly denies them.

## CAUSES OF ACTION

### COUNT I

### Copyright Infringement (17 U.S.C. § 501)

24.     Defendant repeats and incorporates by reference its responses to the

allegations contained in Paragraphs 1 through 295 of the Complaint, as if fully set forth

herein.

10

13704811.1

25.     Pursuant to Fed. R. Civ. P. 8(b)(3) and 8(b)(5), Defendant generally denies the allegations stated in Paragraphs 296 through 302, denies that any infringement occurred, avers that the Paragraphs contain legal conclusions to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in these Paragraphs, and on that basis denies such allegations.

## COUNT II

### False Copyright Management Information (17 U.S.C. § 1202(a))

26.     Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 302 of the Complaint, as if fully set forth herein.

27.     Pursuant to Fed. R. Civ. P. 8(b)(3) and 8(b)(5), Defendant generally denies the allegations stated in Paragraphs 303 through 311, avers that these Paragraphs contain legal conclusions to which no response is required, denies that any infringement occurred, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in these Paragraphs, and on that basis denies such allegations.

## COUNT III

### Removal or Alteration of Copyright Management Information (17 U.S.C. § 1202(b))

28.     Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 311 of the Complaint, as if fully set forth herein.

13704811.1

29.     Pursuant to Fed. R. Civ. P. 8(b)(3) and 8(b)(5), Defendant generally denies the allegations stated in Paragraphs 312 through 319, avers that these Paragraphs contain legal conclusions to which no response is required, denies that Shutterstock committed any infringement or unlawfully removed any CMI, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in these Paragraphs, and on that basis denies such allegations.

## COUNT IV

### Contributory and Vicarious Copyright Infringement

30.     Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 319 of the Complaint, as if fully set forth herein.

31.     Pursuant to Fed. R. Civ. P. 8(b)(3) and 8(b)(5), Defendant generally denies the allegations stated in Paragraphs 320 through 323, avers that these Paragraphs contain legal conclusions to which no response is required, denies any responsibility for any infringement that may have occurred, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in these Paragraphs, and on that basis denies such allegations.

13704811.1

## COUNT V

### Declaratory Judgment of Non-Eligibility for DMCA Safe Harbor

32.     Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 323 of the Complaint, as if fully set forth herein.

33.     Pursuant to Fed. R. Civ. P. 8(b)(3) and 8(b)(5), Defendant generally denies the allegations stated in Paragraphs 324 through 331, avers that Defendant is entitled to the protections of the DMCA, avers these Paragraphs contain legal conclusions to which no response is required, denies that Count V states a proper claim for declaratory relief and that the Court has subject matter jurisdiction over the claim, denies any responsibility for any infringement that may have occurred, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in these Paragraphs, and on that basis denies such allegations.

## COUNT VI

### Declaratory Judgment of Non-Ownership

34.     Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 331 of the Complaint, as if fully set forth herein.

35.     Pursuant to Fed. R. Civ. P. 8(b)(3) and 8(b)(5), Defendant generally denies the allegations stated in Paragraphs 332 through 335, avers that these Paragraphs contain legal conclusions to which no response is required, avers that Count VI fails to state a

13704811.1

proper claim for declaratory relief and that the Court has subject matter jurisdiction over Count VI, denies any responsibility for any infringement that may have occurred, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in these Paragraphs, and on that basis denies such allegations.

## COUNT VII

## Declaratory Judgment of License Invalidity

36.     Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 335 of the Complaint, as if fully set forth herein.

37.     Pursuant to Fed. R. Civ. P. 8(b)(3) and 8(b)(5), Defendant generally denies the allegations stated in Paragraphs 336 through 341, except admits that Shutterstock has issued licenses, avers that these Paragraphs contain legal conclusions to which no response is required, avers that Count VII fails to state a proper claim for declaratory relief and that the Court has subject matter jurisdiction over Count VII, denies any responsibility for any infringement that may have occurred, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in these Paragraphs, and on that basis denies such allegations.

## **JURY TRIAL DEMANDED**

Defendant respectfully reserves the right to object to jury trial on issues for which there is no right to trial by jury, including by way of motion pursuant to without

13704811.1

limitation Rules 38 and 39 of the Federal Rules of Civil Procedure and the Seventh

Amendment of the U.S. Constitution and/or any comparable state constitution(s).

## DEMAND FOR RELIEF

Defendant denies that Plaintiffs are entitled to the relief requested in their

Complaint or to any other relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving or excusing the burden of proof of Plaintiffs, or admitting that

Defendant has any burden of proof, Defendant asserts the following affirmative and other

defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State A Claim)

1.      The Complaint and each claim therein fails to state a claim upon which

relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Bad Faith/Unclean Hands)

2.      The Complaint and each claim therein is barred, precluded, and/or limited

by reason of Plaintiffs' bad faith or unclean hands, including but not limited to by reason

of (i) Plaintiffs' unreasonable delay in their efforts to enforce their rights, if any, despite

15

their actual or constructive awareness of Defendant's challenged actions; and (ii) the

failure of Plaintiffs' agent to transmit proper DMCA takedown notices.

### THIRD AFFIRMATIVE DEFENSE
**(Lack of Standing)**

3.      Plaintiff Itasca Images, LLC's claims against Defendant are barred, in

whole or in part, by its lack of standing, including to the extent that (i) its claims are

based on the alleged infringement of works for which Itasca Images, LLC does not (and

did not) own the exclusive right allegedly infringed at the time of infringement; and (ii)

the alleged assignment of rights from Plaintiff Tony Webster is invalid; and/or Plaintiff

Tony Webster's claims against Defendant are barred, in whole or in part, by his lack of

standing resulting from his alleged transfer of all rights to sue over the alleged works.

### FOURTH AFFIRMATIVE DEFENSE
**(Acquiescence/License)**

4.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of

acquiescence and/or license by virtue of Plaintiffs' authorizing viewers of his

photographs to upload them on Defendant's website and failing to timely use the proper

methods of notice provided by law.

### FIFTH AFFIRMATIVE DEFENSE
**(Acts/Omissions of Others)**

5.      Plaintiffs' alleged damages, if any, are due solely to acts and omissions that

are not those of, and are independent from, Defendant. Any recovery must be set off or

13704811.1

reduced, abated or apportioned to the extent that any other party's actions caused or contributed to any damages suffered by Plaintiffs relative to this matter.

## SIXTH AFFIRMATIVE DEFENSE
### (Invalid/Inaccurate/False/Fraudulent Copyright Registration)

6.      Plaintiffs' claims are barred to the extent they are based on the alleged infringement of works for which: (i) valid and enforceable copyright registration certificates do not exist; (ii) the relevant certificates contain materially false and/or inaccurate information relating to the nature, ownership or chain of title to the works; and/or (iii) statutory damages are limited to one award per registration.

## SEVENTH AFFIRMATIVE DEFENSE
### (Untimely Copyright Registration)

7.      Plaintiffs' claims for statutory damages are barred, in whole or in part, by 17 U.S.C. § 412.

## EIGHTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

8.      Plaintiffs' alleged statutory damages, if any, for copyright infringement are limited by Defendant's innocent intent.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Knowledge or Willfulness as to Plaintiffs' 17 U.S.C. § 1202 Claims)

9.      Without admitting that Defendant added, altered, or removed any CMI in the first place, Defendant has not acted knowingly or willfully, or with any intent to induce, enable, facilitate, or conceal any alleged infringement as required by 17 U.S.C. § 1202(a) and (b).

17

13704811.1

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Knowledge or Willfulness as to Plaintiffs' Contributory Infringement Claim)

10.    Without admitting that Defendant has infringed any copyright that

Plaintiffs may own, Defendant did not have knowledge of any allegedly infringing

activity sufficient to state a claim for contributory liability.  Moreover, Defendant did not

knowingly induce, cause, or materially contribute to any allegedly infringing conduct, as

required by law.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

11.    Plaintiffs have failed to make reasonable efforts both to protect their works

from piracy by third parties, and to mitigate the damages alleged including but not

limited to by reason of Plaintiffs' unreasonable delay in their efforts to enforce their

rights, if any, despite their actual or constructive awareness of Defendant's challenged

actions.  Accordingly, the relief, if any, to which Plaintiffs allegedly are entitled must be

diminished by the extent of their failure to mitigate.

## TWELFTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

12.    The imposition of any liability against Defendant would unjustly enrich

Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Defective Notice Under 17 U.S.C. § 512(c))

13.    Plaintiffs' claims are barred on the grounds that the purported DMCA

takedown notices sent by Plaintiffs' agent did not comply with the notice procedures set

forth in 17 U.S.C. § 512(c), including because the purported notices failed to identify the copyrighted works that allegedly were infringed, and failed to identify the URL that contained the works that allegedly were infringed.  Alternatively, even if the purported notices were compliant with the DMCA, Defendant is protected by the DMCA safe harbor.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (DMCA § 512 Safe Harbor)

14.     Defendant is protected from contributory or vicarious liability by the provisions of the DMCA safe harbor, 17 U.S.C. § 512, for service providers because it (a) took commercially reasonable steps to remove public access to the accused images upon receipt of notice of specific violations; and (b) disabled the accounts associated with Plaintiffs' claims upon receipt of notice of such claims.  Moreover, 17 U.S.C. § 512(m) provides that the DMCA safe harbor is not conditioned on express monitoring of its service or engaging in removal that is prohibited by law.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Partnership with Alleged Direct Infringers)

15.     Defendant operates a general platform designed to facilitate non-infringing uses by legitimate creators who wish to make their works available for third-party use. Accordingly, Defendant did not have the right and ability to supervise or control any allegedly infringing conduct, nor did it have a direct financial interest in the allegedly infringing activity.

13704811.1

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Fair Use)

16.     Plaintiffs' Causes of Action are barred, in whole or in part, by the doctrine of fair use.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant reserves the right to assert additional defenses which become apparent through discovery or otherwise.

13704811.1

## <u>DEFENDANT'S PRAYER FOR RELIEF</u>

WHEREFORE, Defendant requests relief on Plaintiffs' Complaint as follows:

1.     That Plaintiffs' Complaint be dismissed with prejudice, judgment entered in favor of Defendant, and Plaintiffs take nothing by the Complaint;

2.     That Defendant be awarded full costs incurred herein;

3.     That Defendant be awarded its reasonable attorneys' fees;

4.     That this Court award such other and further relief as it deems just and equitable.

13704811.1

Dated:   New York, New York
November 3, 2021

Respectfully submitted,

By: _____

Eleanor M. Lackman (*pro hac vice*)
NY Attorney License No.: 4219598
John M. Williams (*pro hac vice*)
DC Attorney License No.: 501860
Genevieve L. Javidzad (*pro hac vice*)
CA Attorney License No.: 336138
Mitchell, Silberberg & Knupp LLP
437 Madison Avenue, 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239
Email: eml@msk.com

Dean Eyler
MN Attorney License No.: 267491
Richard Landon
MN Attorney License No.: 392306
Lathrop GPM LLP
500 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 632-3016
Email: dean.eyler@lathropgpm.com

*Attorneys for Defendant*
*Shutterstock, Inc.*

13704811.1