UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Itasca Images, LLC, et al.,   Case No. 21-cv-287 (JRT/DTS)

    Plaintiffs,

v.   **ORDER**

Shutterstock, Inc., et al.,

    Defendants.

_____

Plaintiffs Itasca Images, LLC and Tony Webster (Itasca Images) and Defendants Shutterstock, Inc., et al. (Shutterstock) brought two Joint Motions Regarding Continued Sealing [Dkt. Nos. 50, 85] pursuant to Minn. L.R. 5.6(d)(2).

**I.   August 18, 2021 Joint Motion**

Itasca Images filed documents under temporary seal in support of its motion to amend the scheduling order. The parties agree that Docket Number 36-1 should be unsealed. The Court has reviewed the document and concludes its unsealing is appropriate.

The parties disagree on whether Docket Nos. 35, 36-2, 36-3, 36-4, 36-5, 36-6, 36-7, 36-8, and 36-9 should be unsealed. Itasca Images argues for unsealing. Shutterstock disagrees, asserting generally that the documents reveal proprietary business methods, financial records, or trade secrets. The documents at issue include Itasca Images' argument to amend the scheduling order, discovery responses, and emails between the parties' attorneys. The Court has reviewed the documents carefully and it is not apparent what proprietary business methods, financial records, or trade secrets Shutterstock seeks to protect. The documents include discovery responses related to damages, whether

Shutterstock had knowledge of the alleged infringement, and a safe harbor defense. The documents do not disclose sensitive information about Shutterstock's business. In fact, the lack of specificity regarding Shutterstock's business is one of the reasons Itasca Images sought an amended scheduling order. Pl. Mem. Mot. Amend Scheduling Order, Dkt. No. 35.

Shutterstock also asserts that the documents contain information it designated confidential and confidential communications. The mere fact a party designated information in a document as confidential during the discovery process does not satisfy the parties' obligations under LR 5.6(d)(2)(A). Shutterstock refers to emails between the parties' attorneys as confidential settlement communications and argues the communications were made "in an effort to resolve issues and cooperate." The communications relate to Itasca Images' request for more specific information about alleged ongoing infringement and to Itasca Images' claim that Shutterstock's discovery responses were deficient. Though Shutterstock's attorney suggested Itasca Images withdraw its lawsuit, nothing in the communications related to settlement offers or negotiations. Because Shutterstock has not established the need for continued sealing, Docket Nos. 35, 36-2, 36-3, 36-4, 36-5, 36-6, 36-7, 36-8, and 36-9 shall be unsealed.

The parties also disagree on whether Docket No. 36 should remain sealed. The document includes Shutterstock discovery responses, with certain interrogatory answers at issue. Shutterstock contends the answers reveal proprietary business information, financial records, and trade secrets. Itasca Images acknowledges the answer to Interrogatory No. 1 contains addresses that may be redacted but argues the rest of the answers are nonconfidential facts and should be unsealed. The Court concludes that the

answers do not contain sensitive business information. However, Interrogatory No. 1 contains personal addresses of nonparties. The Court agrees with the parties that it is appropriate to keep nonparties' addresses from public disclosure. Thus, the parties shall file a public version of the document with only the addresses in Interrogatory No. 1 redacted. The unredacted Docket No. 36 shall remain sealed.

## II.     September 29, 2021 Joint Motion

Itasca Images filed documents under temporary seal in support of its motion to compel [Dkt. No. 51] and its motion for leave to amend [Dkt. No. 68]. The parties agree that Docket Nos. 73 and 74 should be unsealed. They disagree about Docket Nos. 53 and 63, which include some Shutterstock discovery responses related to alleged ongoing infringement. Shutterstock argues the documents should remain sealed because they reveal proprietary business practices and points specifically to information about its relationship with an affiliate. However, the information is not redacted in the publicly filed document and Shutterstock did not seek to seal the information when it was filed. The documents' redacted information relates to facts underlying Itasca Images' claims and Shutterstock's possible defenses. Because the information does not reveal proprietary business practices, Docket Nos. 53, 63, 73, and 74 shall be unsealed.

**IT IS HEREBY ORDERED**:

1.     The parties' August 18, 2021 Joint Motion Regarding Continued Sealing [Dkt. No. 50] is GRANTED IN PART and DENIED IN PART as follows:

   a.     The Clerk is directed to keep the following documents **sealed**: Docket No. 36.

3

b. The Clerk is directed to **unseal** the following documents: Docket Nos. 35, 36-1, 36-2, 36-3, 36-4, 36-5, 36-6, 36-7, 36-8, and 36-9.

2. The parties' September 29, 2021 Joint Motion Regarding Continued Sealing [Dkt. No. 85] is GRANTED IN PART and DENIED IN PART as follows:

a. The Clerk is directed to **unseal** the following documents: Docket Nos. 53, 63, 73, and 74.

Dated: November 8, 2021               s/David T. Schultz
                                      DAVID T. SCHULTZ
                                      U.S. Magistrate Judge