UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Itasca Images, LLC, and<br>Tony Webster,<br><br>      Plaintiffs,<br><br>v.<br><br>Shutterstock, Inc., et al.,<br><br>      Defendants. | Case No. 21-cv-287 (JRT/DTS)<br><br>**JOINT STATUS REPORT** |

  Plaintiffs Itasca Images, LLC and Tony Webster (collectively "Plaintiffs" or "Itasca") and Defendant Shutterstock, Inc. ("Shutterstock") jointly file this status report in compliance with the Court's December 2, 2021 order.

## I.  Plaintiffs' Status Report

###   a.  Progress since last month

  Itasca produced additional documents responsive to Shutterstock's latest set of requests. Shutterstock also produced some documents, which Itasca's counsel is reviewing. Itasca's counsel is also reviewing Shutterstock's responses to Itasca's third set of discovery requests. Both parties have served deposition notices, and Plaintiffs are sitting for depositions next week. On April 14, 2022, Shutterstock requested additional time to prepare their witnesses, to which Plaintiffs agreed. On April 18, 2022 Plaintiffs asked Shutterstock to provide its preferred latest deposition date, so that the scheduling order's April 29, 2022 deadline can be extended accordingly. Plaintiffs had not heard back on that request as of April 20, 2022. If, by the date of the conference, the parties have not filed a stipulation to extend the April 29, 2022 deadline to accommodate Shutterstock's request for more time, Plaintiffs will ask the Court to extend that deadline to whatever date is sufficient to accommodate Shutterstock's scheduling needs. Assuming that the noticed witnesses will sit for depositions, Plaintiffs do not seek the depositions of additional persons (with the exception of Heidi Garfield as discussed below, and CivicPlus who has agreed to have its 30(b)(6) deposition after its motion to dismiss is ruled upon). Plaintiffs received a discovery-deficiency letter from Shutterstock on April 18, and is in the process of working on a response.

b.  **Plaintiffs' issues requiring Court intervention**

Itasca has limited the issues being brought forward at this time to only those most important to its case.

1.  **Deposition of Andrew Raff**

Shutterstock is refusing to produce Andrew Raff for a deposition as noticed by Plaintiffs. Mr. Raff is the first-listed individual in Shutterstock's Supplemental Initial Disclosures. Mr. Raff signed Shutterstock's interrogatory answers. For example, the verification served on March 29, 2022 states, "I have read the foregoing Defendant Shutterstock, Inc.'s Response to Plaintiffs Itasca Images, LLC and Tony Webster's Third Set of Interrogatories, and I believe the answers therein to be true to the best of my knowledge, information, and belief. I verify under penalty of perjury that the foregoing is true and correct. [DocuSigned by Andrew Raff.]" Mr. Raff's name appears in documents produced in this action by Shutterstock, including a document where he describes Shutterstock's knowledge that images are continuing to be displayed after they should have been taken down. Plaintiffs seek an order compelling Mr. Raff to sit for a deposition in this case, via Zoom. Of course, Plaintiffs will be happy to accommodate any scheduling limitations.

2.  **Deposition of Heidi Garfield**

Itasca served a subpoena on Shutterstock's former general counsel Heidi Garfield. Shutterstock's counsel of record in this case accepted service on her behalf, but refused to produce her for a deposition. Ms. Garfield's name appears in documents produced by Shutterstock in this action. Ms. Garfield is documented as "mark[ing] as read" and then "view[ing]" Itasca's very first cease-and-desist letter in this case—a letter which Shutterstock long contended they did not receive. Shutterstock's counsel last week said that Ms. Garfield did receive the letter, but that she only "relay[ed] to Sejal Patel that a letter was received." Therefore, Itasca has offered that in lieu of Ms. Garfield's deposition, Itasca will accept a signed declaration stating that she received, did not receive, or does not remember receiving Itasca's letter in March 2020, and if she did receive it, stating what she did with the letter. As of April 20, 2022, Shutterstock had not responded to this offer. Though Ms. Garfield is not within this judicial district, Plaintiffs would appreciate the Court's assistance in resolving this issue and avoiding any subpoena-transfer proceedings under Fed. R. Civ. P. 45(f).

3.  **Shutterstock's 30(b)(6) designee(s)**

Shutterstock writes below "we understand that Plaintiffs have elected to use only one day for" their 30(b)(6) deposition, even if Shutterstock has multiple designees. Shutterstock is incorrect about Plaintiff's election. Plaintiffs have elected to cause

2

Shutterstock to comply with Fed. R. Civ. P. 30(b)(6). And "[f]or purposes of this [7-hour] durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition" (Fed. R. Civ. P. 30(d)(2) Advisory Committee's Notes (2000), and all depositions in response to a single 30(b)(6) notice count as only one deposition for purposes of the 10 deposition limit. *See Alexander v. F.B.I.*, 186 F.R.D. 137, 141 (D.D.C. 1998)). At the status conference, Plaintiffs hope the court will encourage Shutterstock to comply with Fed. R. Civ. P. 30(b)(6), regardless of the number of designees it chooses. Plaintiffs will work with Shutterstock to accommodate preferred deposition dates for whatever number of persons it chooses to designate.

      **c.**      **Plaintiffs raise for preservation the following issues, but are hopeful they will be resolved soon**

      1.      The court previously ordered Shutterstock to produce documents regarding a purported "glitch" that caused the photographs in suit to continue to displayed. Plaintiffs are investigating whether all responsive documents have in fact been produced.

      2.      Prior status reports have raised the issue of analytics and log data. Shutterstock has produced some but not all of this data.

      3.      The prior status report preserved the issue of Shutterstock skipping certain photographs (asset ID numbers) in their document productions. Shutterstock's April 15 document production included the photograph files and metadata, though Plaintiffs are still missing Asset Manager screenshots which Shutterstock has produced for all other images. Those screenshots show the date images were suspended in Shutterstock's system, who suspended the images, the Contributor's name, and will confirm licensing data.

      4.      The prior status report stated: "Shutterstock was ordered to produce their reviewer guidelines. They produced a version with missing content which was dated 2022, but not the version(s) as applied to the Photographs in suit in 2019 and 2020." Shutterstock has since produced the missing content for the 2022 version, but Plaintiffs have always been seeking the version(s) which were applied to the Photographs in suit, from February–March 2019 and November 2020. Shutterstock is managing their reviewer guidelines in a content management system which by default stores revision history data with timestamps and full copies of prior versions.

      5.      Plaintiffs are still reviewing Shutterstock's latest discovery responses and hope to resolve any remaining issues without Court intervention, and preserves any disputes for which the parties have not yet met and conferred.

      6.      Plaintiffs preserve issues for which Shutterstock has agreed to produce documents but has not yet done so.

## II.   Shutterstock's Status Report

### A. Written discovery and documents

On April 18, 2022, Shutterstock sent Plaintiffs a 7-page deficiency letter relating to several of Plaintiffs' written responses to Shutterstock's second set of discovery demands served in late February, as well as apparent deficiencies in the production itself. In particular, while Plaintiffs have produced tens of thousands of pages of irrelevant and/or cumulative documents, a review of the 115,026 pages produced at the time of sending the letter shows material gaps in production as to several categories that were expected to exist. As the deficiency letter was being finalized, on April 18, 2022, Plaintiffs produced another 7,274 pages of documents (for a total of 122,301 pages so far). It is unclear at this point whether and to what extent these documents resolve the production deficiencies identified in Shutterstock's deficiency letter, or whether these documents encompass documents to which Plaintiffs objected to producing.

As of the date of this Joint Report, Plaintiffs have not responded to the letter.

### B. Depositions

Plaintiffs' characterization of issues pertaining to the deposition is not entirely forthcoming and therefore somewhat inaccurate. To give a better picture to the Court, Shutterstock identifies the history and issues as follows.

On April 8, 2022, Shutterstock served deposition notices of Itasca Images, Tony Webster, and Diode Interactive for April 26, 27, and 28. On April 12, 2022, Shutterstock served Rule 45 subpoenas for testimony of two witnesses, in the morning and afternoon of April 29, respectively. Discovery is set to close on April 29.

On the evening of April 11, 2022, Plaintiffs served deposition notices of seven current and former Shutterstock employees, including three lawyers, as well as a 30(b)(6) notice set for a single day. The particular issue of length is addressed in a footnote below.[1] (Plaintiffs deposed another Shutterstock employee, the one who corresponded with

---

[1] Given the wide-ranging nature of the topics, it may be preferable for Shutterstock to identify multiple witnesses to address them rather than educate a single person on everything. Given the schedule and timing of Plaintiffs' 30(b)(6) deposition notice, we understand that Plaintiffs have elected to use only one day for such testimony regardless and will not use any extension to then expand the timing to multiple days, but Shutterstock would like to confirm this with the Court in advance before an issue arises. Having reserved just one day for corporate testimony, Plaintiffs cannot now equitably take the position that they are entitled to more time on the record simply because they created an impossible schedule with their very late deposition notices, which itself is the reason for more time to take the depositions.

4

Plaintiff Webster in response to his purported "DMCA notices," on October 6, 2021. This witness testified for approximately 4.5 hours on a variety of topics.)

The depositions that Plaintiffs noticed on April 11 were set to proceed one per day for a range of eight consecutive business days, April 20-22 and April 25-29. This schedule resulted in overlapping dates as well as insufficient time for witness preparation or addressing issues pertaining to Plaintiffs' very broad Rule 30(b)(6) notice. Shutterstock is amenable to adjusting the discovery period if the Court agrees, but given the sequencing of notices and the delay in service by Plaintiffs, Shutterstock respectfully submits that it should be entitled to determine the sequencing of the depositions. Shutterstock further respectfully requests that if the discovery schedule is extended, Plaintiffs not be permitted to use the extension to notice further witnesses. Shutterstock does not intend to notice other witnesses, as it planned its deposition discovery in a timely manner based on the existing deadline in the case.

Shutterstock further anticipates issues arising pertaining to the attorney witnesses that were noticed by Plaintiffs. While the parties have been discussing a declaration in lieu of deposition for one witness who has no material pertinent knowledge (former General Counsel, Heidi Garfield), which is being offered as a courtesy to Plaintiffs and the witness and does not entitle Plaintiffs to additional testimony on top of what they noticed in their eight-day window, Plaintiffs are insisting on taking testimony from Andrew Raff, whose role has primarily been to assist with the collection of information and review of submissions in this action, and who has become knowledgeable through review of information relevant to this action.[2] Shutterstock believes that the deposition is designed to invade the attorney-client and work product privileges and will likely result in blanket declinations to answer across the board.

As nearly all of the witnesses noticed were not identified by Shutterstock as witnesses with knowledge, Shutterstock is continuing to consult with the witnesses to determine what they know. Other issues may arise as a result and will be brought promptly to the Court.

### C. Comments on Plaintiffs' claimed "preserved" issues

Shutterstock believes it is compliant with all production obligations, except with respect to certain documents that it is in the process of collecting in response to Plaintiffs' most recent discovery requests. Shutterstock anticipates producing any remaining documents prior to the depositions. Until late this morning, Shutterstock had not received

---

[2] While Plaintiffs have yet to identify the document referenced and thus it is unclear whether a non-lawyer may have knowledge of the actions taken in response to the notification referenced therein, it appears that the context may have been related to thumbnail reference images, not the images that Shutterstock disabled from licensing and which Plaintiffs identified.

14163467.2

any updated deficiency letter and was unaware that Plaintiffs believed issues remained, and therefore will need to investigate further over the coming days.

Dated: April 21, 2022          **TAFT STETTINIUS & HOLLISTER LLP**

By: /s/*Scott M. Flaherty*
    Scott M. Flaherty (#388354)
    Jordan L. Weber (#396769)
    O. Joseph Balthazor (#399093)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2157
Telephone:   (612) 977-8400
Emails:       sflaherty@taftlaw.com
              jbalthazor@taftlaw.com
              jweber@taftlaw.com

**ATTORNEYS FOR PLAINTIFFS
ITASCA IMAGES, LLC
AND TONY WEBSTER**

Dated: April 21, 2022          **MITCHELL SILBERBERG & KNUPP LLP**

By: /s/*Eleanor M. Lackman*
    Eleanor M. Lackman (*pro hac vice*)
    J. Matthew Williams (*pro hac vice*)
    Genevieve Javidzad (*pro hac vice*)

437 Madison Ave., 25th Floor
New York, NY 10022-7001
Telephone:   (212) 509-3900
Emails:       eml@msk.com
              mxw@msk.com
              glj@msk.com

LATHROP GPM LLP
Dean Eyler (#267491)
Richard Landon (#392306)
500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

6

14163467.2

Telephone: (612) 632-3016
Emails: dean.eyler@lathropgpm.com
richard.landon@lathropgpm.com

**ATTORNEYS FOR DEFENDANT SHUTTERSTOCK, INC.**

14163467.2