UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ITASCA IMAGES, LLC and TONY WEBSTER, | |
| | Civil No. 21-287 (JRT/DTS) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION AND ORDER DENYING CIVICPLUS'S MOTION TO DISMISS |
| SHUTTERSTOCK, INC., CIVICPLUS, LLC, ARCHETYPE INNOVATIONS, LLC, CRAZY HOUSE MEDIA, LLC, and DOES 1-500, | |
| Defendants. | |

---

Jordan Weber, O. Joseph Balthazor, Jr., and Scott M. Flaherty, **TAFT STETTINIUS & HOLLISTER LLP**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for plaintiffs;

James J. Kernell, and Kyle D. Donnelly, **AVEK IP, LLC,** 8900 State Line Road, Suite 500, Leawood, Kansas 66206; Jeffer Ali, I, and Nicholas S. Kuhlmann, **PATTERSON THUENTE PEDERSON, PA,** 80 South Eighth Street, Suite 4800, Minneapolis, MN 55402, for Defendant CivicPlus;

Dean C. Eyler and Richard C. Landon, **LATHROP GPM LLP**, 80 South Eighth Street, Suite 500, Minneapolis, MN 55402; Eleanor M. Lackman, **MITCHELL, SILBERBERG & KNUPP, LLP**, 437 Madison Avenue, 25th Floor, New York, NY 10022; Genevieve Javidzad, **MITCHELL, SILBERBERG & KNUPP, LLP**, 2049 Century Park East, Suite 18th Floor, Los Angeles, CA 90067; John Matthew DeWeese Williams, **MITCHELL, SILBERBERG & KNUPP, LLP,** 1818 North Street Northwest, 7th Floor, Washington, DC 20036, for Defendants Shutterstock, Inc;

Eleanor M. Lackman, **MITCHELL, SILBERBERG & KNUPP, LLP**, 437 Madison Avenue, 25th Floor, New York, NY 10022; Genevieve Javidzad, **MITCHELL, SILBERBERG & KNUPP, LLP**, 2049 Century Park East, Suite 18th Floor, Los Angeles, CA 90067; John Matthew DeWeese Williams, **MITCHELL, SILBERBERG & KNUPP, LLP,** 1818 North Street Northwest, 7th Floor,

Washington, DC 20036, for Defendants Shutterstock, Inc, for Defendants Archetype Innovations, LLC;

Dean C. Eyler, **LATHROP GPM LLP**, 80 South Eighth Street, Suite 500, Minneapolis, MN 55402; Eleanor M. Lackman, **MITCHELL, SILBERBERG & KNUPP, LLP**, 437 Madison Avenue, 25th Floor, New York, NY 10022; Genevieve Javidzad, **MITCHELL, SILBERBERG & KNUPP, LLP**, 2049 Century Park East, Suite 18th Floor, Los Angeles, CA 90067; John Matthew DeWeese Williams, **MITCHELL, SILBERBERG & KNUPP, LLP,** 1818 North Street Northwest, 7th Floor, Washington, DC 20036; Mark V. Steffenson, **HENNIGSON & SNOXELL, LTD,** 6900 Wedgewood Road, Suite 200, Maple Grove, MN 55311, for Defendant Crazy House Media, LLC.

Plaintiffs Tony Webster and Itasca Images, LLC allege that Defendant Shutterstock Inc. appropriated their copyrighted photographs without permission or license. Shutterstock then issued licenses to use the photographs to the other Defendants, including CivicPlus. Plaintiffs bring this action against Shutterstock and the entities Shutterstock licensed the photos to, alleging copyright infringement in violation of 17 U.S.C. § 501 and seeking several declaratory judgments asserting that the Defendants were acting wrongfully and without authority.

CivicPlus, LLC, moves to dismiss the Plaintiffs' claims against it. Plaintiffs allege that CivicPlus infringed on their copyrighted material and asks the Court grant declaratory relief stating that the licenses CivicPlus obtained from Shutterstock to use the Plaintiffs' photographs are invalid. Because the Plaintiffs have properly alleged facts that satisfy the elements of copyright infringement and because Plaintiffs have standing to pursue declaratory relief, the Court will deny CivicPlus's Motion to Dismiss.

**BACKGROUND**

I.   **FACTUAL BACKGROUND**

Webster is a photographer who created all the photographs at issue in this suit and Itasca Images is a company that owns several of the photographs. (Am. Compl. at ¶¶ 11–12, 27, Oct. 20, 2021, Docket No. 93.) There are 113 photographs at issue in this case (the "Photographs") which have been registered with the U.S. Copyright Office. (*Id.* at ¶¶ 23–25.); (Am. Compl. Ex. B, ("Certificate of Copyright Registration") Oct. 20, 2021, Docket No. 93-2.) That registration has been assigned to Itasca Images. (*Id.* at ¶ 27.)

Without permission or license from the Plaintiffs, Defendant Shutterstock, allegedly appropriated the Photographs. (*Id.* at ¶¶ 38–54, 71.) it is further alleged that Shutterstock did not give credit to the Plaintiffs for use of the Photographs nor did it display Plaintiffs' copyright mark. (*Id.* at ¶¶ 68–70.) Shutterstock also allegedly removed the Plaintiffs' copyright information from the Photographs and replaced it with its own. (*Id.* at ¶¶ 96–105.) Only two of the photographs are relevant for the purposes of this motion: a photograph depicting a field in Wild River State Park, and a photograph depicting wetlands in Wild River State Park (together the "Wild River Photos" or the "Photos"). (*Id.* at ¶¶ 205–06.)

Shutterstock offered to sell the Wild River Photos to defendant CivicPlus. (*Id.* at ¶ 207.) Shutterstock represented to CivicPlus that use of the Wild River Photos would not infringe any copyright or violate any U.S. law. (*Id.* at ¶ 215.) CivicPlus viewed the Wild

River Photos and purchased licenses to them from Shutterstock. (*Id.* at ¶¶ 208–09.) Subsequently, CivicPlus reproduced the Wild River Photos. (*Id.* at ¶ 212.)

## II.  PROCEDURAL BACKGROUND

Plaintiffs initiated this action against Shutterstock and 500 unknown defendants to whom Shutterstock unlawfully licensed or distributed the Photographs, who displayed the Photographs at Shutterstock's direction, who provided the images to Shutterstock, or who participated in the infringement scheme. (Compl. at ¶¶ 9–10, Feb. 2, 2021, Docket No. 1.) Several months later, Plaintiffs amended the complaint to include additional named defendants, including CivicPlus. (Amend. Compl.) Plaintiffs allege that CivicPlus infringed their copyright on the Wild River Photos in violation of 17 U.S.C. § 501 and seek a declaratory judgment that Shutterstock's license to CivicPlus for the Wild River Photos is invalid. (*Id.* at ¶¶ 296–302, 336–341.) CivicPlus now moves for the Plaintiffs' claims to be dismissed against them. (Mot. Dismiss, Dec. 15, 2021, Docket No. 142.)

## DISCUSSION

### I.  STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678.  The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in plaintiff's favor.  *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings."  *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).  Documents embraced by the pleadings include those "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."  *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003).

**II.   ANALYSIS**

   **A. Copyright Claim**

CivicPlus alleges that the Plaintiffs failed to properly allege a Copyright Claim.  CivicPlus claims that the Amended Complaint contains insufficient facts to support a copyright claim insisting that any infringement was *de minimis*.  Further, CivicPlus argues

that even if Plaintiffs' claim is factually and legally sufficient, it cannot be shown that CivicPlus willfully infringed Plaintiffs' copyright.

In order to prevail on a claim of copyright infringement, a plaintiff must prove (1) ownership of a valid copyright and (2) that original elements of the work were copied. *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). To establish ownership of a valid copyright, a plaintiff must show that its work is original, can be copyrighted, and that it has complied with all applicable statutory formalities. *Thimbleberries, Inc. v. C & F Enterprises., Inc.,* 142 F. Supp. 2d 1132, 1137 (D. Minn. 2001). A certificate of copyright registration creates a rebuttable presumption of a valid copyright. 17 U.S.C. § 410(c).

Plaintiffs allege that they own a valid copyright for the Wild River Photos and CivicPlus does not challenge that assertion. Nor does CivicPlus contend that it did not reproduce the Wild River Photos. Instead, it argues that the Plaintiffs do not present sufficient facts to support a copyright claim. However, Plaintiffs alleged that CivicPlus had the opportunity to view the Wild River Photos, that CivicPlus purchased a license to the Photos, and that CivicPlus reproduced the Photos. At this stage, the Court must accept the Plaintiffs' factual allegations as true and construe the Amended Complaint in the light most favorable to the Plaintiffs. As such, the Court finds that Plaintiffs pled adequate facts to support a copyright infringement claim.

CivicPlus next argues that, "[a]s pled, any purported 'use' of the photographs at issue is clearly *de minimis* as a matter of law, and thus not actionable." (Mem. Supp. Mot.

Dismiss at 6, Dec. 15, 2021, Docket No. 143.) Plaintiffs argue that the alleged infringement was not *de minimis* because CivicPlus used nearly identical reproductions of Plaintiffs' copyrighted materials.

The Eighth Circuit has not addressed the issue of *de minimis* uses of copyrighted materials. However, Defendants mischaracterize the use of the *de minimis* defense in other courts. Courts across the country, including the First, Third, Fourth, Ninth, and Eleventh Circuits have held that a *de minimis* copyright infringement defense arises where the plaintiff cannot prove that the allegedly infringing material is actually similar to the original material.[1]  Defendants, however, characterize the *de minimis* defense as protecting one's use of copyrighted material so long as that use is minor. In actuality, the defense protects a defendant who can demonstrate that the similarities between the allegedly infringing material and the original are so minimal that the former cannot be called a copy of the latter.

CivicPlus relies on *Gottlieb Development LLC v. Paramount Pictures Corp,* a district court order, to support their characterization of a *de minimis* defense. However, they misinterpret that court's reasoning. In *Gottlieb*, the court held that the defendant had

---

[1] *Situation Mgmt. Sys., Inc. v. ASP. Consulting LLC*, 560 F.3d 53, 59 (1st Cir. 2009); *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 208 (3d Cir. 2002); *Palmer v. Braun*, 287 F.3d 1325 (11th Cir. 2002); *Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065, 1078 (9th Cir. 2021); *see also Silicon Knights, Inc. v. Epic Games, Inc.*, 551 F. App'x 646, 648–49 (4th Cir. 2014) (rejecting a de minimis defense where the infringing party had copied a copyrighted video game engine "in toto," i.e., all of its code, when it began development of its own game and continued to use 20% of the code from that engine).

not infringed the plaintiff's copyright even though the defendant used plaintiff's copyrighted pinball machine designs in one of its movie scenes. *Gottlieb Dev.,* 590 F. Supp. 2d 625, 632 (S.D.N.Y. 2008). The court reasoned that the machine was only in one short scene and was obscured and unrecognizable throughout. *Id.* at 632–633 (finding that "the average lay observer would not be able to discern any distinctive elements of Gottlieb's Designs . . . [and that the] unique expressive element of the Designs is not discernable in those brief moments[.]").

Unlike in *Gottlieb,* the alleged infringement here is the reproduction of the Plaintiffs' actual photographs. It is alleged that the unique elements of original material are entirely recognizable in the allegedly infringing material. Therefore, CivicPlus's alleged infringement does not appear from the complaint to be *de minimis*.

Finally, CivicPlus asserts that the Plaintiffs cannot show that it willfully infringed their copyright. That question is not suitable for resolution at this stage. Willful copyright infringement is not an independent cause of action, but a metric for determining statutory damages. 17 U.S.C. § 504(c)(2) ("In a case where the copyright owner sustains the burden of proving, and the court finds, that the infringement was committed willfully, the court in its discretion may increase the award of statutory damages[.]"). Thus, a finding of willfulness applies to damages and does not support, at this stage, dismissing the entire copyright infringement claim. As such, CivicPlus has not presented any

sufficient reason for dismissing the copyright claim against it, the Court will deny CivicPlus's Motion to Dismiss Plaintiffs' this claim.

## B. Declaratory Judgment

CivicPlus asserts that Plaintiffs do not have standing to seek a declaratory judgment that the licenses Shutterstock conferred to CivicPlus are invalid because Plaintiffs have no interest in the license-contracts. CivicPlus claims that Plaintiffs are neither in privity with the contract nor are they intended third-party beneficiaries to the contracts, and so Plaintiffs cannot challenge the licenses' validity.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction," a federal court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Declaratory Judgment Act does not vest federal courts with jurisdiction broader than Article III's case and controversy limitation. *Frost v. Sioux City*, 920 F.3d 1158, 1161–62 (8th Cir. 2019) (holding that past injuries are insufficient to warrant declaratory relief and that a plaintiff must demonstrate actual present harm or a significant possibility of future harm). The Court applies the traditional three-part standing test: "(1) injury in fact, (2) a causal connection between that injury and the challenged conduct, and (3) the likelihood that a favorable decision by the court will redress the alleged injury." *Young Am. Corp. v. Affiliated Comput. Servs. (ACS), Inc.*, 424 F.3d 840, 843 (8th Cir. 2005) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Plaintiffs allege that Shutterstock has, without authority to do so, licensed Plaintiffs' copyrighted material to CivicPlus. The use of that material constitutes a harm and the license is causally connected to the harm because it allegedly permits CivicPlus to continue to infringe the Plaintiffs' copyright. If the Court were to declare the license invalid, that harm would be redressed. Not only would CivicPlus be prevented from continuing to infringe the Plaintiffs' copyright, but Shutterstock would be stopped from wrongfully licensing such infringements in the future. As such, Plaintiffs have standing to seek prospective relief.

Moreover, CivicPlus's contract argument fails. It is true that strangers to a contract have no rights under the contract, *Northern Nat'l Bank v. Northern Minnesota Nat'l Bank*, 70 N.W.2d 118, but that rule is not applicable here. Third party beneficiary law pertains to a third parties' right to enforce a contract. *Dayton Dev. Co. v. Gilman Fin. Servs.*, 419 F.3d 852, 857 (8th Cir. 2005) ("It is axiomatic that the duty a third-party beneficiary is attempting to enforce must be a duty contracted for in the contract itself."). But, the Plaintiffs do not seek to enforce the license contract between Shutterstock and CivicPlus. Instead, Plaintiffs claim that the license agreement is invalid on the basis of the fact that Shutterstock never had the capacity to grant a license to use the Wild River Photos in the first place. As Plaintiffs have standing to bring a claim for declaratory judgment, the Court will deny CivicPlus's Motion to Dismiss this claim.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED** that Defendant's Motion to Dismiss [Docket No. 142] is **DENIED.**

DATED: August 2, 2022
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court